FILED

2013 Sep-25  PM 01:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

_____

UNITED STATES OF AMERICA,         )

           )

         Plaintiff,      )      Civil Action No. _____

           )

v.                  )

           )      JURY DEMAND

CITY OF BIRMINGHAM, ALABAMA,     )

           )

         Defendant.    )

_____)

## COMPLAINT

Plaintiff, the United States of America ("United States"), by the undersigned attorneys, alleges as follows:

1.      This civil action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII").

2.      This Court has jurisdiction over this action under 42 U.S.C. § 2000e-5(f) and 28 U.S.C. § 1345.

3.      Defendant City of Birmingham, Alabama ("Defendant") is a governmental body established pursuant to the laws of Alabama and is located within this judicial district.

4.      Defendant is a "person" within the meaning of 42 U.S.C. § 2000e(a) and an "employer" within the meaning of 42 U.S.C. § 2000e(b).

5.      Renee Gunn ("Gunn") filed a timely charge with the United States Equal Employment Opportunity Commission ("EEOC") (Charge No. 420-2011-02604) on or about August 11, 2011, alleging Defendant discriminated against her in employment based on her religion.  Pursuant to Section 706 of Title VII, 42 U.S.C. § 2000e-5, the EEOC investigated the

charge, found reasonable cause to believe Gunn's allegation of discrimination based on religion was true, attempted unsuccessfully to achieve through conciliation a voluntary resolution of the matter, and subsequently referred the charge to the Department of Justice.

6.      All conditions precedent to this lawsuit have been performed or have occurred.

## CLAIM FOR RELIEF

7.      In or about April 2008, Renee Gunn was hired by Defendant as a public safety dispatcher.

8.      At all times relevant to this action, Gunn was a member of a synagogue in Bessemer, Alabama, and worshipped Messianic Judaism, a religion whose tenets prohibit work on its Sabbath, which is from Friday sunset to Saturday sunset.

9.      As a member of the Messianic Jewish faith, Gunn had a sincerely held belief that she should not work on the Jewish Sabbath.

10.      Gunn informed Defendant of her belief that she should observe the Jewish Sabbath, and also informed Defendant of the Jewish Sabbath's requirements prohibiting work from Friday sunset to Saturday sunset.

11.      In January 2011, Defendant assigned Gunn to work a 10:30 p.m. to 7:00 a.m. shift, with Tuesdays and Wednesdays off, which conflicted with the Jewish Sabbath, and, in April 2011, Gunn was involuntarily reassigned to work a schedule of 2:30 p.m. to 11:00 p.m., with Wednesdays and Thursdays off, which also conflicted with the Jewish Sabbath.

12.      In June 2011, Gunn asked her supervisor, Sergeant Rosie Jones, for a reasonable accommodation in the form of a schedule change to permit her to observe the Sabbath according to her Messianic Jewish religious belief.

13.     Gunn's June 2011 schedule change request was not granted, and Sergeant Jones asked that Gunn put her accommodation request in writing.

14.     In a memorandum dated July 14, 2011, Gunn requested a schedule change to permit her to observe the Sabbath according to her Messianic Jewish religious beliefs when she requested to be placed back on the 10:30 p.m. to 7:00 am shift with Thursdays and Fridays off.

15.     By a handwritten notation dated July 20, 2011, Defendant's Police Chief A.C. Roper denied Gunn's July 14 request for a reasonable accommodation for her Sabbath observance, indicating that Defendant does not change days off for any religious faith.

16.     Defendant never offered Gunn a reasonable accommodation to eliminate the conflict between Gunn's assigned work schedule and her belief that she should observe the Jewish Sabbath.

17.     Defendant continued to assign Gunn to a schedule requiring her to work on the Jewish Sabbath.

18.     Under Defendant's attendance policy, an employee's repeated unexcused absences from work would ultimately lead to termination.

19.     On August 26, 2011, Gunn was constructively discharged by Defendant because Defendant assigned Gunn to a schedule which required that she work on the Jewish Sabbath and Defendant refused to offer Gunn a reasonable accommodation.

20.     Defendant could have reasonably accommodated Gunn's Jewish Sabbath observance without suffering an undue burden.

21.     Defendant has discriminated against Gunn on the basis of her religion (Messianic Judaism), in violation of Section 703(a) of Title VII, among other ways, by:

(a)     failing or refusing to reasonably accommodate Gunn's religious observance,

practice, and/or belief (*i.e.*, refraining from work on the Messianic Jewish

Sabbath);

(b)     constructively discharging Gunn because of her religious observance, practice,

and/or belief; and

(c)     failing or refusing to take appropriate action to remedy the effects of the

discriminatory treatment of Gunn.

## PRAYER FOR RELIEF

WHEREFORE, Gunn prays that this Court grant the following relief:

A.      Provide make-whole relief to Gunn, including backpay with interest and

reinstatement to her former job with accompanying benefits and retroactive seniority, to

compensate her for the loss she has suffered as a result of Defendant's discriminatory conduct

alleged in this Complaint;

B.      Award damages to Gunn to fully compensate her for pain and suffering caused by

Defendant's discriminatory conduct alleged in this Complaint, pursuant to and within the

statutory limitations of section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a;

C.      Require Defendant to adopt an appropriate policy designed to address requests

from employees and prospective employees for religious accommodations; and

D.      Award such additional relief as justice may require, together with the United

States' costs and disbursements in this matter.

4

## JURY DEMAND

The United States hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.


Date:  September 25, 2013


                                                   Respectfully submitted,

                                                   JOCELYN SAMUELS
                                                   Acting Assistant Attorney General
                                                   Civil Rights Division


BY:                 /s/ Louis Whitsett_____
                         DELORA L. KENNEBREW, Chief
                         (GA Bar No. 414320)
                         KAREN WOODARD, Deputy Chief
                         (MD Bar [No number issued])
                         LOUIS WHITSETT, Trial Attorney
                         (DC Bar No. 257626)
                         U.S. Department of Justice
                         Civil Rights Division
                         Employment Litigation Section
                         950 Pennsylvania Avenue, N.W.
                         PHB-4038
                         Washington, D.C.  20530
                         Telephone: (202) 305-0942
                         Facsimile: (202) 514-1005
                         Email:  Louis.Whitsett@usdoj.gov