UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF BIRMINGHAM, ALABAMA, <br><br> Defendant. | Civil Action No. _____ |

### SETTLEMENT AGREEMENT

This action was brought by Plaintiff United States of America ("United States") against Defendant City of Birmingham, Alabama ("City") to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), following receipt by the Department of Justice from the Equal Opportunity Employment Commission ("EEOC") of a charge filed by Renee Gunn ("Gunn"), a former public safety dispatcher in the City's Police Department ("Police Department"). In its Complaint, the United States alleges that the City through its Police Department violated Section 703(a) of Title VII by:

(a) failing or refusing to reasonably accommodate Gunn's religious observance, practice, and/or belief (i.e., refraining from work on the Messianic Jewish Sabbath);

(b) constructively discharging Gunn because of her religious observance, practice, and/or belief; and

(c) failing or refusing to take appropriate action to remedy the effects of the

discriminatory treatment of Gunn.

The City denies it discriminated against Gunn on the basis of religion in violation of Title VII. Nevertheless, the United States and the City (together, the "Parties"), desiring that this action be settled and without the burden of protracted litigation, agree to this Court's jurisdiction over this Settlement Agreement ("Agreement"). The Parties agree that this Court has jurisdiction over both the Parties to, and the subject matter of, this action for the two-year period set forth in Section E, below. This Agreement between the United States and the City shall in no way constitute an adjudication or finding on the merits of the case, nor be construed as an admission by the City or a finding of wrongdoing or violation of any applicable federal law or regulation.

## FINDINGS

Having examined the provisions of this Agreement, the Court finds the following:

(a) The Court has jurisdiction over the subject matter of this action and the Parties to this action.

(b) The terms and provisions of this Agreement are lawful, fair, reasonable, and just.

(c) The rights of the Parties are adequately protected by this Agreement.

(d) This Agreement complies with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights and privileges of any person.

(e) Entry of this Agreement will further the objectives of Title VII and is in the best interests of the Parties.

In resolution of this action, the Parties hereby AGREE to, and Court expressly APPROVES, ENTERS, and ORDERS, the following:

**A.  GENERAL INJUNCTIVE RELIEF**

1.  The City, by and through its officials, agents, employees and all persons in active

concert or participation with the City in the performance of employment or personnel functions, shall not engage in any practice that unlawfully discriminates against any employee or prospective employee because of his or her religious observance, practice, and/or belief.

2. The City shall reasonably accommodate all aspects of the religious beliefs, observances, and practices of its Police Department employees or prospective employees in compliance with Section 701(j) of Title VII.

3. The City, by and through its officials, agents, employees, and all persons in active concert or participation with the City, shall not unlawfully retaliate against or adversely affect Gunn or any other person because that person has opposed allegedly discriminatory policies or practices or has filed a charge with the EEOC, or because of that person's participation in or cooperation with the initiation, investigation, litigation or administration of this case or this Agreement.

**B.     INDIVIDUAL RELIEF FOR RENEE GUNN**

1. Without admitting the allegations in the United States' Complaint, and in settlement of the claims of the United States for relief on behalf of Gunn, who, by her signature to the release attached as Appendix A, accepts the relief to be given her pursuant to this Agreement, the City shall, within fourteen (14) days of the date of entry this Agreement:

> Pay Gunn a total monetary award of $80,000, of which $50,000 is designated as back pay. The back pay portion of this award shall be subject to all appropriate income tax withholdings and other statutory deductions at the time of payment. The City shall separately pay its portion of any Social Security tax on this back pay award, and shall not deduct its portion of such tax from the amount paid to Gunn. The City shall issue Gunn all appropriate Internal Revenue Service (IRS) tax forms at the time prescribed by law.

>The remaining $30,000 shall be designated as compensatory damages.  This compensatory damages award is not subject to withholdings, and the City shall issue an IRS Form 1099 for the amount of this award, and any other appropriate IRS tax forms at the time prescribed by law.

The City shall make the above payment by mailing a check payable to "Renee Gunn," together with the accompanying pay stub and withholding information, to the address for Gunn that the United States has provided to the City.  Within ten (10) days after the City's compliance with these payment obligations, the City shall provide written documentation of its compliance to counsel for the United States at the following address:

>Louis Whitsett
>Senior Trial Attorney
>U.S. Department of Justice
>Civil Rights Division
>Employment Litigation Section, PHB 4038
>950 Pennsylvania Avenue, NW
>Washington, DC 20530

2. Within thirty (30) days of the date of entry of this Agreement, the City shall reinstate Gunn in the position of Public Safety Dispatcher 1 in the City's Police Department.  In reinstating Gunn in that position, the City shall assign Gunn a work schedule (i.e., work shift and off days) that does not require her to work at the Police Department during the Jewish Sabbath, i.e., from Friday sunset to Saturday sunset.

C. **IMPLEMENTATION OF POLICIES AND PROCEDURES**

1. Within ninety (90) days from the date of entry of this Agreement, the City shall draft and present to the United States for review under the terms of this Section a religious accommodation policy for the Police Department that complies with Title VII's prohibition against religious discrimination and its requirement to reasonably accommodate the religious

observances, practices, and/or beliefs of all employees and prospective employees. Such policy shall, at a minimum, include the following:

>   (a)   A statement prohibiting unlawful discrimination on the basis of religion; a statement that "religion" means all sincerely held aspects of religious observance, practice, and/or belief; and a statement that the employer has a duty to reasonable accommodate an employee's and prospective employee's request for reasonable accommodation based on the employee's or prospective employee's religious observance, practice and/or belief unless the request would place an undue hardship on the employer.
>
>   (b)   The method of distributing the religious accommodation policy to all the Police Department's employees and prospective employees.
>
>   (c)   A description of the procedure to be used by employees and prospective employees who wish to request a religious accommodation from the Police Department and for the Police Department's timely response to such request, including: a request form that requires the employee or prospective employee to specify the accommodation required; a form that requires the Police Department to specify whether the request is approved or disapproved with the reasons for any disapproval; and information on the persons to whom requests for religious accommodation should be addressed.

In the event the United States proposes modifications to the policies submitted by the City, the United States agrees to advise the City of such modifications in writing within thirty (30) days of receiving such policies from the City and will work cooperatively with the City to resolve any disagreements. If the United States and the City cannot reach agreement, either party may use the dispute resolution provision in Section E. 2. of this Agreement.

2. Within thirty (30) days from the date upon which the City finalizes the written policies and procedures set forth in Section C. 1., above, the City shall take all necessary actions to adopt the newly drafted policies and procedures. Within fifteen (15) days of the City's adoption of the policies and procedures set forth in Section C. 1., above, the City shall:

(a) Distribute copies of such policies and procedures to all Police Department employees, supervisors and agents and shall provide a copy to the United States. Each individual (other than the United States) who receives a copy shall sign an acknowledgment that it has been received and read. The signed acknowledgment by each employee shall be placed in the employee's personnel file, and the signed acknowledgment by each supervisor also shall be maintained by the EEO Officer. Electronic means of distribution of, access to, and acknowledgment of the Police Department's policies and procedures shall be a sufficient means of complying with this provision.

(b) Publicize such policies and procedures to all Police Department employees, inter alia, by posting them in all buildings and facilities used for posting EEO information, by emailing them to all employees, and by posting them on any internet or intranet website used for posting notices or policy changes for or concerning the Police Department, if available.

(c) Ensure that each new Police Department employee or supervisor receives a copy of the written policies and procedures implemented pursuant to Section C. 1., above, at the time of the new employee's hire or at the time of the supervisor's election or appointment. Each new Police Department employee or supervisor shall sign an acknowledgment that she or he has read and understands such policies and procedures.

>The signed acknowledgment by a new employee shall be placed in the employee's personnel file, and the signed acknowledgment by a new supervisor also shall be maintained by the EEO Officer. Electronic acknowledgments shall be acceptable to comply with this provision.

3. Within ninety (90) days from the date upon which the City adopts the written policies and procedures set forth in Section C. 1., above, the City shall provide training with respect to those policies and procedures, and to Title VII"s prohibitions against employment discrimination based on religion and retaliation, to all supervisory personnel in the Police Department who are involved in the hiring and selection procedure, evaluation of job performance, or discipline of Police Department employees. The City shall also provide separate training on this material to all non-supervisory employees in the Police Department. Each training session shall be held live and include, at a minimum, a detailed explanation of the City's policies and procedures and Title VII's prohibitions against employment discrimination based on religion and retaliation. A description of each of the proposed training programs, including copies of all proposed training materials, shall be submitted to counsel for the United States for review and approval at least thirty (30) days before the date upon which the City proposes conducting either training session.

D. **RECORD KEEPING AND REPORTING**

1. During the term of this Agreement, the City shall retain such records as are necessary to document the implementation of the Agreement. The City shall furnish such records and documents relevant to its compliance with the implementation of this Agreement to counsel for the United States within thirty (30) days of any written request from counsel to the City's attorney.

2. The City shall provide written notice to counsel for the United States of any disciplinary or other employment action proposed or taken against Gunn during the term of this Agreement promptly after such action is proposed or taken. The United States shall have the right to inspect and copy all documents related to such action upon reasonable notice to the City without further order of this Court.

3. The City shall retain all records that come into its possession relating to complaints or charges of employment discrimination based on religion that may be filed against the Police Department, or any employee, agent, or representative of the Police Department, and pertaining to an employee or applicant for employment in the Police Department, (1) through the Police Department's internal grievance/complaint procedure; (2) with the EEOC; or (3) through or with any other federal, state, or local agency authorized to receive such complaints. The City shall provide copies of documents reflecting such complaints or charges to counsel for the United States within fifteen (15) days of its receipt of such complaints or charges. In addition, the United States shall have the right to inspect and copy all documents related to such complaints or charges upon reasonable notice to the City without further order of this Court on thirty (30) days notice to the City. The City may elect to produce the aforementioned documents by electronic means.

**E.     RETENTION OF JURISDICTION AND DISPUTE RESOLUTION**

The Court shall retain jurisdiction over this Agreement for the purposes of enforcing its provisions and resolving any disputes that may arise between the Parties thereunder as appropriate. At the end of two years from the date of entry of this Agreement, this Court's jurisdiction over this Agreement shall expire and this action shall be dismissed without further order of this Court.

F. **MISCELLANEOUS**

    1. All parties shall bear their own costs and expenses of litigation, including attorneys' fees.

    2. If any provision of this Agreement is found unlawful, only the specific provision in question shall be affected, and the other provision will remain in full force and effect.

    3. This Agreement constitutes the entire agreement and commitment of the Parties. Any modifications to this Agreement must be mutually agreed upon and memorialized in a writing signed by the parties.

    4. As used in this Agreement, the term "days" refers to calendar days.

G. **EFFECTIVE DATE**

The effective date of this Agreement shall be the date upon which it is entered by the Court.

DATED AND ENTERED this ___ day of _____ 2013.

_____
UNITED STATES DISTRICT JUDGE

Agreed and consented to:

On behalf of Plaintiff United States of America

/s/ Delora L. Kennebrew
DELORA L. KENNEBREW
Chief
Employment Litigation Section
Civil Rights Division

/s/ Karen Woodard
/s/ Louis Whitsett
KAREN WOODARD
(MD Bar/ No number issued)
Deputy Chief
LOUIS WHITSETT (DC Bar No. 257626)
Senior Trial Attorney
United States Department of Justice
Civil Rights Division
Employment Litigation Section, PHB 4038
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 305-0942 (phone)
(202) 514-1005 (facsimile)
Louis.Whitsett@usdoj.gov

On behalf of Defendant City of Birmingham, Alabama

/s/ Jeffrey Gilliam
JEFFREY GILLIAM
(AL Bar No. ASB-6843-I64J)
Assistant City Attorney
City of Birmingham
Department of Law
City Hall, Room 600
710 North 20th Street
Birmingham. Alabama 35203-2290
(205) 254-2369 (phone)
(205) 254-2502 (facsimile)
Jeffrey.Gilliam@ci.birmingham.al.us

## APPENDIX A

### <u>RELEASE</u>

For and in consideration of the relief to be provided to me by the City of Birmingham, Alabama ("City") pursuant to the provisions of the Settlement Agreement ("Agreement") once approved and entered in *United States* v. *City of Birmingham, Alabama*, in the United States District Court for the Northern District of Alabama, I, Renee Gunn, hereby release and forever discharge the City, its current and future officials, employees and agents, of all legal and equitable claims arising out of the above-referenced case and EEOC Charge No. 420-2011-02604 and occurring prior to the date of this Release.

I understand that the relief to be given to me in consideration for this release does not constitute an admission by the City of liability, discrimination, violations of law, or wrongdoing, and does not constitute an admission by the City or the City's Police Department of the validity of any claims raised by me or on my behalf. This Release constitutes the entire agreement between the City and me, and is subject only to entry and approval by the Court of the Agreement, and the execution of the individual relief award, as referenced above.

I acknowledge that a copy of the Agreement entered into by the United States and the City has been made available to me. I acknowledge also that 1 have been given the opportunity to review the Agreement and this Release with an attorney of my own choosing.

I HAVE READ THIS RELEASE AND UNDERSTAND THE CONTENTS THEREOF AND I EXECUTE THIS RELEASE OF MY OWN FREE ACT AND DEED.

Date: *Sept. 19, 2013*                    Signed: *[signature]*
                                                  Renee Gunn

11